# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT LITTLEPAGE** | **CIVIL ACTION NUMBER: 3:08-CV-00242** |
| **VERSUS** | |
| | **JUDGE JAMES J. BRADY** |
| **ABC MARINE, LLC AND ARCHER WESTERN CONTRACTORS, INC.** | **MAGISTRATE JUDGE DOCIA L. DALBY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

The Second Supplemental and Amended Complaint of **Scott Littlepage**, a person of full age of majority and currently a resident of New Roads, Louisiana, respectfully represents:

1.

The jurisdiction of this Honorable Court is invoked under the Jones Act, 46 U.S.C. §§ 30104-30106, 28 U.S. § 1331 and Art. III § 2 of the United States Constitution.

2.

Complainant is entitled to and reserves the right to request a trial by jury at his option, within the trial court's pretrial deadline or to designate this case as a bench trial under Rule 9(h).

3.

The following parties are made defendants herein:

A. **ABC Marine, LLC**, a Louisiana Limited Liability Company authorized to do and doing substantial business in Louisiana with its registered agent being the CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808 (hereinafter referred to as "ABC Marine");

B. **Fort Calumet Company**, alleged on information and belief to be an Illinois company with its registered agent being Larry J. Kibbon, 929 West Adams Street,

Chicago, IL 60607 and doing business in Louisiana and capable of being sued in the Middle District of Louisiana (hereinafter referred to as "FCC");

C. **Audubon Bridge Constructors, a Joint Venture** (hereinafter referred to as "Audubon Bridge") made up of **Flatiron Constructors, Inc., Parsons Transportation Group Inc.** and **Granite Construction Company**, which has appointed CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808 as its agent for service of process and which is capable of being sued in the Middle District of Louisiana;

D. **Flatiron Construction Corp.**, alleged on information and belief to be a Colorado company with its registered agent being The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202, doing business in Louisiana and capable of being sued in the Middle District of Louisiana (hereinafter referred to as "Flatiron Corp.");

E. **American Zurich Insurance Company** (as the insurer of ABC Marine), alleged on information and belief to be a foreign insurer authorized to do and doing substantial business in Louisiana and within this District and its registered agent being Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809;

F. **Arch Insurance Company**, alleged on information and belief to be a foreign insurer authorized to do and doing substantial business in Louisiana and within this District and its registered agent being Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809;

G. **American Zurich Insurance Company** (as the insurer of Flatiron Corp.), alleged on information and belief to be a foreign insurer authorized do and doing substantial

business in Louisiana and within this District and its registered agent being Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809; and

H. **ABC Insurance Company**, alleged on information and belief to be a foreign insurer authorized do and doing substantial business in Louisiana and within this District.

4.

On January 8, 2008 and at all other pertinent times, Plaintiff Scott Littlepage was a Seaman employed by ABC Marine as a member of the crew of the derrick crane barge known as 4100 Ringer, a vessel in navigation situated in the Mississippi River near St. Francisville, Louisiana.

5.

The derrick crane barge 4100 Ringer was, on January 8, 2008 and that all of the pertinent times herein, owned by FCC and operated, controlled and/or chartered *pro hac vice* by FCC and/or ABC Marine and/or Flatiron Corp.

6.

The owner and/or owner *pro hac vice* of 4100 Ringer derrick crane barge/vessel had a duty to provide a safe and seaworthy vessel for those performing services aboard said vessel.

7.

ABC Marine and/or Flatiron Corp., as the employer of the seaman Scott Littlepage, had a duty to provide a safe and seaworthy working environment to him and to act towards him in a reasonable and non-negligent manner.

8.

Audubon Bridge had been hired by the state of Louisiana to construct a bridge across the Mississippi River and, in connection therewith, undertook the responsibility of providing safety services to ensure that the workers performing the work (including but not limited to plaintiff Scott

Littlepage) performed their work in a safe environment and were given a safe and seaworthy place to work.

9.

On or about January 8, 2008, Plaintiff was injured shortly after a warning lamp lit in the cab of his crane located aboard 4100 Ringer indicating that there was a problem with the hydraulic system. Plaintiff exited the cab of the crane to investigate the origin of the problem. In order to reach that part of the equipment that needed to be inspected, he was required to cross over a "ring," the only access over which was an unsecured wooden board.

10.

At the above time and place, as Plaintiff walked over the board, the board suddenly and without warning shifted and slid out from underneath them causing him to fall a distance of approximately 5 feet striking his back, lower torso and body on bracing and brackets as he fell to the deck below.

11.

Plaintiff shows that the unsecured and slippery walkway was not reasonably fit for its intended purpose, was dangerous and defective and represented an unseaworthy condition of the derrick crane barge vessel 4100 Ringer.

12.

One or more of the defendants herein had been given prior notice of this defective and dangerous walkway but had willfully, wantonly, recklessly, capriciously and arbitrarily failed and refused to correct this unseaworthy condition.

13.

Plaintiff shows that the defendants were negligent and at fault and that the vessel was unseaworthy and, therefore, obligations owed by the various defendants to Plaintiff were breached in a way which proximately caused Plaintiff's injuries and damages. These breached obligations are listed more particularly, but not exclusively, as follows:

A. ABC Marine and/or Flatiron Corp.:

1. Its ownership *pro hac vice,* operation, control and supervision of a vessel which was unseaworthy;

2. Its willful, reckless, wanton and arbitrary conduct in failing to correct an unseaworthy condition and allowing an unseaworthy condition to persist after the unseaworthy condition was brought to the attention of this defendant;

3. Its negligence under the Jones Act in failing to properly inspect the vessel prior to allowing its workers to work aboard said unsafe and unseaworthy vessel;

4. Its negligence under the Jones Act in failing to discover the unsafe and unseaworthy condition of the vessel;

5. Its negligence under the Jones Act in failing to correct the unsafe and unseaworthy condition of the vessel;

6. Its willful, reckless, wanton and arbitrary conduct in failing to correct the unsafe and unseaworthy condition of the vessel once it was brought to the attention of this defendant in prior to the accident sued upon;

7. Other acts of negligence or fault which may be shown through discovery or at trial; and

8. Generally, the failure of this defendant to act with the required degree of care commensurate with the existing situation.

B. Fort Calumet and/or Flatiron Corp.:

1. Its ownership and/or its ownership *pro hac vice* of a vessel which was unseaworthy and not reasonably fit for its intended purpose;

2. Its negligence in failing to provide a vessel reasonably fit for its intended purpose;

3. Other acts of negligence which may be shown through discovery or at trial; and

4. Generally, the failure of this defendant to act with the required degree of care commensurate with the existing situation.

C. Audubon Bridge and/or Flatiron Corp.:

1. Its negligence in failing to properly inspect the vessel in question;

2. Its negligence in failing to discover the dangerous and unseaworthy conditions which existed on the vessel;

3. Its negligence in failing to correct the dangerous and unseaworthy conditions existed on the vessel;

4. Its willful, reckless, wanton, capricious and arbitrary conduct in failing to correct the dangerous and unseaworthy condition once it had been brought to this defendant's attention;

5. Other acts of negligence or fault which may be shown through discovery or at trial; and

6. Generally, the failure of this defendant act with the required degree of care commensurate with the existing situation.

14.

Plaintiff shows that, as a result of the aforementioned negligence, fault, unseaworthiness and breach of obligations, Plaintiff sustained serious, permanent and disabling injuries which have cost him to incur, including, but not limited to, the following damages for which plaintiff is entitled to be compensated by defendants, *in solido*, in an amount which is just and reasonable:

A. Medical and related expenses;

B. Lost earnings and impairment to earnings capacity;

C. Past and future found;

D. Physical injury and disability past, present and future;

E. Physical pain and suffering past, present and future;

F. Mental and emotional injury and distress past, present and future; and

G. Loss of enjoyment of life past, present and future.

15.

In addition, because of the willful, wanton, reckless, capricious and arbitrary conduct on the part of the Defendants as stated above, Defendants are required to pay punitive or exemplary damages as allowed under the general maritime law.

16.

Plaintiff shows that defendant American Zurich Insurance Company had, in full force and effect at the time of the accident sued upon and at all other pertinent times, a policy of liability

insurance or protection and indemnity insurance ensuring ABC Marine against liability of the nature asserted herein.

17.

Plaintiff shows that defendant Arch Insurance Company had, in full force and effect at the time of the accident sued upon and at all of the pertinent times, a policy of liability insurance or protection and indemnity insurance ensuring defendant Fort Calumet against liability of the nature asserted herein.

18.

Plaintiff shows that defendant American Zurich Insurance Company had, in full force and effect at the time of the accident sued upon and at all of the pertinent times, a policy of liability insurance or protection and indemnity insurance ensuring defendant Audubon Bridge against liability of the nature asserted herein.

19.

Plaintiff shows that ABC Marine and/or Flatiron Corp., as the employer of the Seaman, owes to the Plaintiff maintenance and cure benefits in connection with the injuries suffered in connection with his service on the vessel 4100 Ringers.

20.

Despite continued and repeated demands that ABC Marine and/or Flatiron Corp. abide by its obligation to pay maintenance and cure benefits in connection with said injuries, ABC Marine and/or Flatiron Corp. has willfully, recklessly, wantonly, capriciously and arbitrarily refused to pay maintenance and cure benefits without any just cause whatsoever.

21.

As a result of this conduct, ABC Marine and/or Flatiron Corp. and American Zurich Insurance Company, in addition to other damages owed, owes to Plaintiff the following damages:

A. Tort damages suffered as a result of any aggravation or exacerbation of the injury resulting from ABC Marine's unreasonable and arbitrary refusal to pay maintenance and cure;

B. Reasonable attorneys' fees associated with Plaintiff's pursuit of set maintenance and cure benefits; and

C. Punitive or exemplary damages.

WHEREFORE, Plaintiff prays that after due proceedings are had, there be judgment in his favor and against all defendants, in solido, for the damages outlined in the Complaint herein plus interest thereon from date of loss until paid and for all costs of these proceedings and, in addition, there be judgment in favor of plaintiff and against defendant ABC Marine LLC; Fort Calumet Company; Audubon Bridge Constructors, a Joint Venture made up of Flatiron Constructors, Inc., Parsons Transportation Group Inc. and Granite Construction Company; Flatiron Construction Corp.; American Zurich Insurance Company (as the insurer of ABC Marine); Arch Insurance Company; American Zurich Insurance Company (as the insurer of Flatiron Corp.) and ABC Insurance Company, *in solido*, for past and future maintenance and cure benefits, attorneys' fees and punitive or exemplary damages. Plaintiff also prays for all other relief that may be just and equitable in the premises.

K:\Public\JWD\LITTLEPAGE, SCOTT\Pleadings\Complaint - Amended - 2nd.wpd

Case 3:08-cv-00242-JJB-DLD   Document 468   07/15/2009   Page 9 of 10

21.

As a result of this conduct, ABC Marine and/or Flatiron Corp. and American Zurich Insurance Company, in addition to other damages owed, owes to Plaintiff the following damages:

A. Tort damages suffered as a result of any aggravation or exacerbation of the injury resulting from ABC Marine's unreasonable and arbitrary refusal to pay maintenance and cure;

B. Reasonable attorneys' fees associated with Plaintiff's pursuit of set maintenance and cure benefits; and

C. Punitive or exemplary damages.

WHEREFORE, Plaintiff prays that after due proceedings are had, there be judgment in his favor and against all defendants, in solido, for the damages outlined in the Complaint herein plus interest thereon from date of loss until paid and for all costs of these proceedings and, in addition, there be judgment in favor of plaintiff and against defendant ABC Marine LLC; Fort Calumet Company; Audubon Bridge Constructors, a Joint Venture made up of Flatiron Constructors, Inc., Parsons Transportation Group Inc. and Granite Construction Company; Flatiron Construction Corp.; American Zurich Insurance Company (as the insurer of ABC Marine); Arch Insurance Company; American Zurich Insurance Company (as the insurer of Flatiron Corp.) and ABC Insurance Company, *in solido*, for past and future maintenance and cure benefits, attorneys' fees and punitive or exemplary damages. Plaintiff also prays for all other relief that may be just and equitable in the premises.

By attorneys:

   *s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808)
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
Telephone: 225/344-3735
Facsimile: 225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2009, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Jeffrey I. Mandell, Maureen O. Sullivan and David M. Gold by operation of the court's electronic filing system.

   *s/John W. deGravelles*
   **JOHN W. deGRAVELLES**